JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
TIMOTHY TONKINSON
322 EMILY STREET
PHILADELPHIA PA 19148

**DEFENDANTS**
Officer Matthew Goldschmidt; Officer Victor Hennis; Sergeant Paul Battinieri; Unknown Officers 160 East 7th Street, Chester PA 19013
The City of Chester, 1 Fourth Street, Chester PA 19013

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH OXMAN, ESQUIRE; OXMAN GOODSTADT KURITZ P.C.
111 SOUTH INDEPENDENCE MALL EAST, SUITE 740
PHILADELPHIA PA 19106

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [ ] 290 All Other Real Property |  **Other:** | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 448 Education / [ ] 555 Prison Condition |  |  |  |
|  | / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C.A. SECTION 1983
Brief description of cause:
1983 CIVIL RIGHTS CASE

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 2-4-14
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Tonkinson | : | CIVIL ACTION |
| v. | : | |
| Officer Matthew Goldschmidt, Officer Victor Hennis, Sergeant Paul Battinieri, Unknown Officers and The City of Chester | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 02/04/2014 | Joseph Oxman | Timothy Tonkinson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _322 Emily Street, Philadelphia PA 19148_

Address of Defendant: _160 East 7th Street, Chester PA 19013_

Place of Accident, Incident or Transaction: _Chester PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:
1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Joseph Oxman_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _2-4-14_ _____ _207956_
                  Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2-4-14_ _____ _207956_
                  Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

OXMAN, GOODSTADT, & KURITZ
BY:  **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
111 South Independence Mall East, Suite 740
Philadelphia, PA  19106
(215) 665-9999
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY TONKINSON<br>322 Emily Street<br>Philadelphia, PA  19148<br>　　　　　　　　Plaintiff,<br>vs.<br><br>OFFICER MATTHEW GOLDSCHMIDT<br>OFFICER VICTOR HENNIS<br>SERGEANT, PAUL BATTINIERI<br>UNKNOWN OFFICERS<br>160 East 7th Street<br>Chester, PA  19013<br><br>and<br><br>THE CITY OF CHESTER<br>1 Fourth Street<br>Chester, PA  19013<br>　　　　　　　　Defendants. | CIVIL ACTION NO.<br><br>District Judge<br><br>COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, FALSE DETENTION, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

Plaintiff, Timothy Tonkinson, by way of Complaint against Defendants says:

### PARTIES

1. Plaintiff, Timothy Tonkinson, is an adult individual and citizen of the State of Pennsylvania, residing in Philadelphia.

2. At the time of incident Timothy Tonkinson resided at 933 East 14th Street, Chester PA. 19013.

3. Defendant, City of Chester, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of

Pennsylvania, with a principal place of business located at One 4th Street, Chester, PA. 19013.

4. Defendants, Officer Matthew Goldschmidt, Officer Victor Hennis, Sergeant Paul Battinieri and Unknown Officers were at all times relevant employees of the defendant, City of Chester. At all times herein mentioned, defendants, Officer Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri and Unknown Officers, were acting under the color of law and their individual capacity as police officers of defendant, City of Chester.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983. Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States including, but not limited to, his right to be secure in his person and property and be free from unlawful arrests and seizures, and freedom from imprisonments when no probable cause exists. Plaintiff, Timothy Tonkinson was arrested, charged, and incarcerated without probable cause. Plaintiff, Timothy Tonkinson, was falsely charged without probable cause and was falsely and maliciously imprisoned and prosecuted without any cause or legal justification. While being subjected to these violations, he suffered financial injuries, psychological injuries and irreparable academic injuries that will have a lingering effect on his future.

6. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over Plaintiff's claims arising under State law, including but not limited to violations of his State

Constitutional rights against Defendants for false detention, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

8. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

9. On or about March, 25 2012, between the hours of 1:00 a.m. and 2:00 a.m., at 933 East 14th Street, Chester, Pennsylvania, 19013, Defendants Officer Matthew Goldschmidt and Officer Victor Hennis entered upon a residence that was co-inhabited by the Plaintiff.

10. The Officers entered when the Plaintiff was not home.

11. Shortly thereafter, Sergeant Battinieri arrived at and entered Plaintiff's residence. Upon his entrance, Plaintiff was still not at home.

12. Sergeant Battinieri was acquainted with the Plaintiff before this incident, having been asked to leave the Plaintiff's residence on at least one previous incursion.

13. In Plaintiff's absence, the three officers started collecting the ID cards of visitors situated in the residence; all persons who had their IDs collected were age 18 or older.

14. The three officers proceeded to then administer breathalyzer tests to every visitor younger than 21 years of age, several had consumed alcohol.

15. At approximately 2:15 AM, Plaintiff, and several friends, who had been out all night together, returned to the Plaintiff's residence.

16. Upon the Plaintiff's return to the residence, plaintiff told the defendants that he was not in the residence at any time that night. Additionally, not a single witness present in the house that night gave any information to the defendants that contradicted plaintiff's whereabouts. Even with this information the defendant officers started taunting and humiliating Plaintiff in front of several witnesses who had accompanied him throughout the night accusing him of being a liar.

17. Then, without warning, justification, or probable cause, the defendants then placed their hands on Plaintiff and handcuffed him.

18. Officers then performed a warrantless arrest of the Plaintiff.

19. Officer Goldschmidt personally signed the affidavit of probable cause for the arrest of Plaintiff on March 25, 2012.

20. Plaintiff was then transferred to Delaware County Prison until his release sometime during the day of March 26, 2012.

21. As a consequence of the warrantless arrest, Plaintiff spent over 24 hours in a prison cell.

22. Plaintiff was charged with thirty counts of furnishing alcohol to minors and thirty counts of corruption of minors.

23. All charges against Plaintiff were dismissed, but not before Plaintiff had to attend fifteen hearings, pay a bail bond of $4,500, and attorneys fees totaling $6,200.00.

24. As a result of his wrongful incarceration, plaintiff failed a college course because he could not meet the mandatory attendance requirement.

25. Due to his incarceration, Plaintiff missed graduating from college by a semester, and had to pay additional tuition to finish his program.

<u>**COUNT I**</u>
<u>**PLAINTIFF TIMOTHY TONKINSON VS. OFFICER MATTHEW GOLDSCHMIDT, OFFICER VICTOR HENNESS, SERGEANT PAUL BATTINIERI AND UNKNOWN OFFICERS**</u>
<u>**THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, FALSE DETENTION, FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION UNDER SECTION 1983, CIVIL RIGHTS ACT.**</u>

26. The allegations contained above are incorporated herein as though fully set forth.

27. The above described actions of Defendants' on March 25, 2012, constitute violations of Plaintiff's constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

28. The arrest and detention of Plaintiff, by Defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal false arrest, false imprisonment and malicious prosecution of Plaintiff. These actions constitute a false arrest and false imprisonment.

29. The arrest and detention of Plaintiff by Defendants violated his rights under the United States Constitution and the Laws of the State of Pennsylvania.

30. The actions of Defendants as police officers were committed under color of law and authority of defendant City of Chester and its police department, and while acting in their individual capacity as police officers. The actions or inactions of the defendant police officers recklessly disregarded and therefore deprived

Plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the rights to be secure in his person and to be free from unlawful seizures and arrests.

## COUNT II
### PLAINTIFF TIMOTHY TONKINSON VS. THE CITY OF CHESTER
### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANTS OFFICER MATTHEW GOLDSCHMIDT, OFFICER VICTOR HENNESS, SERGEANT PAUL BATTINIERI, AND UNKNOWN OFFICERS UNDER MONNELL

31. The allegations contained above are incorporated herein as though fully set forth.

32. Defendant, City of Chester and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers who have violated the rights of citizens, including the Plaintiff's, thus encouraging Defendants Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers in this case to engage in the unlawful and actionable conduct described above.

33. Defendants, City of Chester and its police department as a further matter of policy and practice failed to train properly its police officers Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers with respect to the constitutional, statutory and departmental limits of their authority.

34. The defendant, City of Chester and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers, prior to the incident in question, as other similar incidents have occurred in the

past involving defendants Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers.

## COUNT III
## PLAINTIFF TIMOTHY TONKINSON VS. OFFICERS MATTHEW GOLDSCHMIDT, VICTOR HENNIS, SERGEANT PAUL BATTINIERI, AND UNKNOWN OFFICERS
## MALICIOUS PROSECUTION

35. The allegations contained above are incorporated herein as though fully set forth

36. The actions of Defendants amount to a malicious prosecution under both 28 U.S.C. section 1983 and the common law.

## COUNT IV
## PLAINTIFF TIMOTHY TONKINSON VS. OFFICERS MATTHEW GOLDSCHMIDT, VICTOR HENNIS, SERGEANT PAUL BATTINIERI, AND UNKNOWN OFFICERS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The allegations contained above are incorporated herein as though fully set forth.

38. The above described illegal detention and arrest of the Plaintiff constitutes a false imprisonment by defendant officers Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers, as a result of which Plaintiff was psychologically injured and sustained severe and significant emotional distress.

## PLAINTIFF TIMOTHY TONKINSON VS. OFFICERS MATTHEW GOLDSCHMIDT, VICTOR HENNIS, SERGEANT PAUL BATTINIERI, UNKNOWN OFFICERS, AND THE CITY OF CHESTER
## DAMAGES

39. The allegations contained above are incorporated herein as though fully set forth.

40. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered psychological pain and suffering in the past and future, severe mental anguish in the past and future, was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

41. Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

42. It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

43. The above paragraphs are repeated and incorporate herein by reference as if set forth in full.

44. Plaintiff demands judgment against defendants, Officers Matthew Goldschmidt, Victor Hennis, Sergeant Paul Battinieri, and Unknown Officers individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

45. Plaintiff demands judgment against defendant, City of Chester, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

46. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiff